RECEIVED
IN LAKE CHARLES, LA
JUN 13 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| ANGELA HARPER, ET AL | : | DOCKET NO. 03-1064 |
| VS. | : | JUDGE TRIMBLE |
| RJ REYNOLDS TOBACCO COMPANY, ET AL | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the Court is "Wal-Mart Louisiana, L.L.C.'s Motion for Summary Judgment and Incorporated Memorandum in Support" (doc. #75) wherein the mover seeks summary judgment in its favor and dismissal of the claims asserted against it. Plaintiffs have not opposed the motion.

## FACTUAL STATEMENT

The facts of this case are stated in the Memorandum Ruling dated January 26, 2005[1] and will not be restated herein.

## LAW AND ANALYSIS

Wal-Mart maintains that the claims asserted against it should be dismissed because of the following three findings this Court made in its January 27, 2005 Memorandum Ruling pursuant to a motion to remand; (1) the plaintiff's claims against Pelican, Schlesinger and Wal-Mart are based solely on redhibition,[2] (2) Plaintiff "continued purchasing and smoking ultra light cigarettes after she became aware of the purported defect,"[3] and (3) that "this admission [wa]s fatal to her claim of redhibition...."[4]

---

[1] Doc. #56.

[2] Memorandum Ruling, doc. #56, p. 3.

[3] *Id.* at p. 7-8.

[4] *Id.* At p. 8.

In that Ruling the Court found that Plaintiff's admission of purchasing the cigarettes after becoming aware of the alleged defect was fatal to her claim of redhibition and that she had waived her claims of redhibition by her continued use of the alleged defective product. Thus, we found that there was no possibility that Plaintiff could establish a cause of action in redhibition against defendants, Pelican Cigar Company, Schlesinger Wholesalers & Automatic Cigarette Service, Inc. and Wal-mart. However, even though the Court dismissed the claims against Pelican and Schlesinger, the Court did not need to reach the question of whether the claim against Wal-Mart should also be dismissed because removing defendants had not affirmatively identified the citizenship of Wal-Mart in their Notice of Removal.

The Court finds no distinction between Pelican and Schlesinger and Wal-Mart, and concludes that for the reasons set forth in the January 27, 2005 Memorandum Ruling, the claim of redhibition asserted against Wal-Mart should also be dismissed.

## CONCLUSION

For the reasons set forth above, the motion for summary judgment will be granted dismissing with prejudice the claim of redhibition against defendant Wal-Mart. The Court determines that there is no just reason for delay and will direct entry of final judgment under rule 54(b) of the Federal Rules of Civil Procedure.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 13 day of June, 2007.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE